STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOSHUA CHOSEI COHEN, Defendant-Appellant.
No. 29071.
Intermediate Court of Appeals of Hawaii.
October 30, 2009.
On the briefs:
Jon N. Ikenaga, Deputy Public Defender, State of Hawai'i, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
(By: Watanabe, Presiding J., Foley, and Fujise, JJ.)
Defendant-Appellant Joshua Chosei Cohen (Cohen) appeals from the Judgment and/or Order and Plea/Judgment (judgment), notice of entry of which was filed on February 22, 2008 in the District Court of the First Circuit (district court),[1] Kane'ohe Division, convicting and sentencing Cohen for Excessive Speeding in violation of Hawaii Revised Statutes (HRS) § 291C-105 (a) (1) or (a) (2) (2007).[2] Cohen's conviction was predicated on evidence of a laser-gun reading that showed he was driving his motorcycle at eighty-four miles per hour (mph) in a thirty-five-mph speed zone.
On appeal, Cohen contends, among other arguments, that the district court erred in allowing a police officer to testify as to the accuracy of the LTI 2020 laser gun used to clock Cohen's speed and the speed and distance readings obtained from the laser gun because Plaintiff-Appellee State of Hawai'i failed to establish that the officer's laser gun was in proper working order.
In light of the Hawai'i Supreme Court's recent decision in State v. Assaye, No. 29078, 2009 WL 3112426 (Haw. Sept. 30, 2009), we agree with Cohen. In Assaye, the supreme court held that the prosecution failed to lay a sufficient foundation for the admission of a laser-gun reading because the prosecution failed to adduce evidence that (1) the laser gun was tested according to procedures recommended by the manufacturer of the laser gun for demonstrating that the laser gun was operating properly, and (2) the officer who obtained the laser-gun reading had received training in the operation of the laser gun that met the requirements indicated by the laser gun's manufacturer. The same deficiencies in establishing the foundation for the admission of the laser gun's reading that were identified in Assaye are present in this case. Thus, the district court erred in admitting the police officer's testimony regarding the reading given by the laser gun for the speed of Cohen's motorcycle.
As in Assaye, without the officer's testimony regarding the reading from the laser gun, there was insufficient evidence to prove the speed at which Cohen was driving his motorcycle. Id. at *13. Accordingly, we reverse the February 22, 2008 judgment convicting and sentencing Cohen. Our disposition of this appeal renders it unnecessary to consider Cohen's other arguments.
NOTES
[1] The Honorable Paula Devens presided.
[2] HRS § 291C-105 (a) provides:

(a) No person shall drive a motor vehicle at a speed exceeding:
(1) The applicable state or county speed limit by thirty miles per hour or more; or
(2) Eighty miles per hour or more irrespective of the applicable state or county speed limit.